IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Curtis Johnson, | ) | CASE NO. 1:14 CV 1337 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| Joe Coakley, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Curtis Johnson, a federal prisoner incarcerated at FCI Elkton, has filed this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons stated below, the petition is denied.

### Background

On December 5, 2006, a jury found petitioner guilty of one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). On January 7, 2007, this Court sentenced petitioner to 188 months' imprisonment followed by five years of supervised release based on the sentencing guidelines. The sentence also reflected the Court's determination that petitioner was an armed career criminal as defined by 18 U.S.C. § 924(e).

Petitioner appealed his conviction to the Sixth Circuit Court of Appeals, challenging the Court's denial of his motion to suppress evidence at trial. On July 3, 2008, the Sixth Circuit affirmed the Court's denial of the petitioner's motion to suppress and affirmed his conviction and sentence. *U.S. v. Carl Pearce and Curtis Johnson*, 521 F.3d 374 (6th Cir. 2008).

The petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting his sentence was erroneously calculated because the Court wrongly determined he was an armed career criminal. *See Johnson v. U.S.*, Case No. 1: 09 CV 876. On July 9, 2009, this Court denied the motion because the petitioner did not raise the issue of an incorrect sentence in his direct appeal and his prior convictions qualified him as an armed career criminal. *U.S. v. Curtis Johnson*, 1: 05 CR 120, Docket No. 136.

Petitioner now seeks relief from this Court pursuant to 28 U.S.C. § 2241, asking the Court to re-sentence him "without the erroneous § 924(e) recidivist sentencing enhancement."

## Standard of Review

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. §2243; *Alexander v. Northern Bureau of Prisons*, 419 Fed. App'x 544, 545 (6th Cir. 2011). Although a *pro se* complaint is evaluated under a more lenient standard than a pleading drafted by a lawyer, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the Court must deny a petition if it plainly appears from the face of the petition that the petitioner is not entitled to relief. *See Alexander*, 419 Fed. App'x at 545. The allegations in the petition are accepted as true and liberally construed in the petitioner's favor. *Urbina v. Thomas*, 270 F.3d 292, 295 (6th Cir. 2001).

## Analysis

Even when the petitioner's allegations are liberally construed, he is not entitled to relief under 28 U.S.C. § 2241. The primary avenue of relief for a federal prisoner seeking to challenge his conviction or the imposition of his sentence is through a petition under 28 U.S.C. § 2255. A federal prisoner may use § 2241 to challenge "the execution or manner in which [his] sentence is served."

*United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

A "saving clause" in § 2255, 28 U.S.C. § 2255(e), provides a very narrow exception and allows a federal prisoner to challenge his conviction or sentence under § 2241 if § 2255 "is inadequate or ineffective to test the legality of the detention." *Terrell v. U.S.*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 relief is not inadequate or ineffective, however, merely because § 2255 relief has been denied, the petitioner is procedurally barred from pursuing § 2255 relief, or the petitioner has been denied permission to file a second or successive § 2255 motion. *Barnes v. United States*, 102 Fed. App'x 441, 443 (6th Cir. 2004). Rather, the savings clause has been applied to allow a § 2241 petition only where a petitioner demonstrates "actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255." *Hayes v. Holland*, 473 Fed. App'x 501, 501-02 (6th Cir. 2012).

Petitioner claims actual innocence based on the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), in which the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." The petitioner argues his (undisputed) prior felony convictions used to enhance his sentence violate *Alleyne* because the prior convictions were not designated in the indictment and tried to the jury.

Petitioner does not have a cognizable claim for habeas relief under § 2241 based on *Alleyne*. First, even if *Alleyne* establishes "a new rule of constitutional law," the Supreme Court "did not declare that [the] new rule applies retroactively on collateral attack." *See Simpson v. U.S.*, 721 F.3d 875, 876 (7th Cir. 2013). Thus, the new rule of constitutional law established in *Alleyne* may be raised in cases still pending on direct review, but it cannot be applied retroactively for purposes of

obtaining collateral relief. *Id.*

Second, even assuming *Alleyne* had retroactive application, it is insufficient to trigger the savings clause in § 2255 in petitioner's case. Although petitioner uses the phrase "actual innocence" in his petition, he does not contend he is actually innocent of the federal charge for which he was convicted. Instead, he challenges only his enhanced sentence. The Sixth Circuit has held that claims of sentencing error may not serve as the basis for an actual innocence claim under § 2255's savings clause. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) ("The saving clause may only be applied when the petitioner makes a claim of actual innocence. A challenge to a sentence . . . cannot be the basis for an actual innocence claim . . .") (citations omitted). *See also See Jones v. Castillo*, 489 Fed. App'x 864, 866 (6th Cir. 2012) ("Claims alleging actual innocence of a sentencing enhancement cannot be raised under § 2241."); *Hayes*, 473 Fed. App'x at 502 ("[t]he savings clause of section 2255(e) does not apply to sentencing claims.").

Finally, *Alleyne* does not prohibit a sentencing judge from determining whether a defendant has a prior conviction for purposes of enhancing a sentence in any case. As the Sixth Circuit has stated, since the Supreme Court decided *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), "it has been well-settled that a judge is permitted to find, based on a preponderance of the evidence, the fact of a prior conviction." *United States v. Pritchett*, 749 F.3d 417, 434 (6th Cir. 2014) (holding that district court was permitted to find the fact of defendants' prior convictions in enhancing their sentences for drug conspiracy). The Supreme Court specifically declined to disturb this narrow exception in *Alleyne. See Alleyne*, 133 S. Ct. at 2160, n. 1.

In sum, the petitioner is not entitled to relief under § 2241 on the basis of *Alleyne*.

Petitioner also argues the Supreme Court's decision in *Descamps v. U.S.*, 133 S. Ct. 2276,

-4-

2282-83 (2013) "supports [his] actual innocence of the armed career criminal offense." He contends *Descamps* establishes that his "prior convictions for burglary and attempted burglary under Ohio law do not qualify him for the enhanced penalty under the Armed Career Criminal Act." The petitioner, however, has not demonstrated he did not qualify as an armed career criminal under *Descamps*.[1] Furthermore, even if *Descamps* were applicable to his case, like *Alleyne*, the Supreme Court did not declare its decision in *Descamps* to be retroactively applicable on collateral review. Therefore, *Descamps* does not provide a basis to allow the petitioner to seek relief under 28 U.S.C. § 2241.

## Conclusion

For all the reasons stated above, the pending petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: December 12, 2014

---

[1] In *Descamps*, the Supreme Court held that when determining whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act, sentencing courts may not apply the "modified categorical approach" when the crime of which the defendant was convicted has a single, indivisible set of elements. *Descamps*, 133 S. Ct. at 2282-83.